Exhibit A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy act Statement and other information before completing this form.
_____ and EEOC
State or local Agency, if any

| AGENCY | CHARGE NUMBER |
|---|---|
| [ ] FEPA [X] EEOC | 430-2021-02602 |

**NAME** (Indicate Mr., Ms., Mrs.)
Megan Akstin

**STREET ADDRESS** ▓▓▓▓▓   **CITY, STATE AND ZIP CODE** ▓▓▓▓▓   **HOME TELEPHONE** (Include Area Code) ▓▓▓▓▓   **DATE OF BIRTH** ▓▓▓▓▓

**NAME**
City of Charlotte
(Charlotte Fire Dept.)

**NUMBER OF EMPLOYEES, MEMBERS**: >500

**TELEPHONE** (Include Area Code): 704-336-2094

**STREET ADDRESS**: 500 Dalton Ave.

**CITY, STATE AND ZIP CODE**: Charlotte, NC 28206

**COUNTY**: Mecklenburg

**DISCRIMINATION BASED ON** (Check appropriate box(es))

[ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN

[X] RETALIATION   [ ] AGE   [X] DISABILITY   [ ] OTHER Pregnancy Act

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST: 05-30-2019   LATEST: Present

[X] CONTINUING ACTION

**THE PARTICULARS ARE** (If additional space is needed, attach extra sheet(s)):

Complainant works as a firefighter for Charlotte Fire Department, a division of the City of Charlotte municipality. Complainant is a white female and has been employed since September 2010. In 2016, Plaintiff was in a car accident. However, immediately prior to the car accident, Complainant filed a complaint against Captain Travis Richardson, Engineer Tucker and others for bullying and harassment in the workplace. This complaint was never investigated. In the midst of this, Complainant's treating physician placed Complainant on light duty work as a result of the injuries sustained in the car accident. Complainant was on light duty until around March 30, 2021. Complainant was removed from light duty on March 31, 2021 when, upon information and belief, CFD has had a number of male employees on light duty assignment for similar or same injury types. And in May 2019, Complainant filed an EEOC Charge, afterwhich she thought was resolved. However, the retaliation quickly resumed; and

In October 2020, Complainant noticed that CFD's canine had numerous open sores and injuries on its body. Complainant took pictures of these injuries and reported this to trainer. Complainant also complained about the canine's welfare and handling to Chief Matt Westover on numerous occasions. The Chief did not investigate after Complainant's complaint. Instead, the Chief proceeded to start a misconduct investigation against Complainant regarding her accusations about the canine and the handler.

In December 2020, Complainant made another complaint regarding the treatment of the canine based on video that was filmed that included the canine. Complainant complained to Chief Westover that the video was disturbing because the canine was being handled too aggressively with items being thrown in its face and/or its body.

In January 2021, Complainant received a reprimand from Chief Westover stating that her October claims about the mistreatment of the canine were unsubstantiated. But, on the same day, he substantiated the misconduct as against Complainant. This is totally contradictory whereby the crux of the matter was deemed unsubstantiated, yet Complainant was held responsible for the conduct which was deemed to be misconduct as against her. Additionally, it is important to note that Complainant received the notice of investigation of misconduct (Form 208A), retroactively for the October 2020 claims, on January 7, 2021; the same day as the substantiated misconduct form (Form 208B), which not only is a violation of policy, but Complainant never had the opportunity to rebut or defend herself in the alleged investigation of the alleged misconduct as against her. (See next page)

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

9-27-2021   /s/ Megan Akstin
Date         Charging Party Signature

**NOTARY** – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

/s/
SIGNATURE OF COMPLAINANT   DATE

Sworn to and subscribed to before the undersigned notary public in and for said jurisdiction this ___ day of ____ 20__.

My commission expires: _____
Notary Public

**RECEIVED By EEOC 09/27/2021**

EEOC Form 5 modified

## CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy act statement before completing this form. | [ ] FEPA | |
| _____ and EEOC  *State or local Agency, if any* | [X] EEOC | 430-2021-02602 |

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s))*

Complainant continued to have issues being subjected to bullying and harassment. Complainant continued to have issues with her chain of command. On March 31, 2021, Complainant was informed by Deputy Chief Jerry Winkles, under the signature of Fire Chief Reginald Johnson, that her light duty was being revoked and that she could only return to work when she was fully cleared to work on the fire apparatus. CFD has allowed at least three male employees to work light duty status long term and upon information and belief until retirement. Many of these medical conditions had nothing to do with work related injuries. Complainant was not given that opportunity. Complainant is receiving disparate treatment, if not intentional discrimination, based on her disability and sex, when compared to similarly situated male employees and other male employees who presented with a disability. Intersectional discrimination or individual discrimination is at issue.

Complainant is also being retaliated against for filing the complaint about the mistreatment of the canine. Complainant created the K-9 program and really cared for the canine's welfare and about the program objectives, and her chain of command was not happy about her complaints. They proceeded to give her misconduct reprimands and proceeded to revoke her light duty status among other adverse actions, as she was treated differently and less favorably than her similarly situated male counterparts.

By revoking Complainants' light duty work, CFD has denied Complainant a reasonable accommodation that they made available to others and for that reason had not been deemed to be an undue hardship for CFD. Subsequently, because CFD (Complainant's Employer) refused Complainant accommodations, Complainant applied for short term disability for which Complainant's Employer has interfered with her ability to receive short term disability benefits for which she is eligible, by delaying the process and making the insurance carrier's decision subject to employer's approval for Complainant's short term disability benefits. Complainant still has not received benefits as of September 26, 2021 after having applied more than 5 months ago and CFD has refused to provide Complainant with benefits information, policy information or other information applicable to the terms and conditions of her employment.
Complainant has been harmed both financially and emotionally by CFD's actions.

Not only was Complainant dissuaded from asserting her rights, but it was represented to Complainant that Complainant's leave would not be approved and until it was, she was encouraged to disobey doctor's orders in order to return to work. Furthermore, Complainant was given false reasons as to why she could not be accommodated, and when it was clear the accommodations requested were allowable and had been allowed, meaning there was no undue hardship to CFD, after bringing this to their attention, the denial of accommodations and the failure to accommodate were couched in terms of undue hardship and unsubstantiated conduct issues, in spite of the accommodations having been afforded others and Complainant having a record of strong performance and conduct. After complaining and making her superiors aware that she felt she was in an ongoing hostile work environment and being retaliated against, after one of her last complaints advocating for the canine, she was written up for unsubstantiated issues. Furthermore, Complainant was constantly made to feel her disability was a burden and problematic, and she was subjected to an inconceivable response when seeking any type of leave time or accommodations. Based on Complainant's complaints, and requests for accommodations, her disability and perceived disability, CFD retaliated against her and failed to reasonably accommodate her disability. And in doing so, she was treated differently than her male counterparts when they requested leave and accommodations. Complainant has been subjected to a hostile work environment and as of March 31, 2021, denied the opportunity to work, which has forced her into a downward spiral negatively impacting Complainant's health and life as she once knew it. Additional information can be provided at the requisite time, but it is important that Complainant file this action to ensure it is timely under the law. All of these actions were in violation of my rights under the ADA and Title VII of the Civil Rights Act, as amended.

**RECEIVED By
EEOC
09/27/2021**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Ms. Megan Akstin | From: | Charlotte District Office<br>129 West Trade Street, Suite 400<br>Charlotte, North Carolina, 28202 |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 430-2021-02602 | Rosemary Caddle,<br>Investigator | 980-296-1304 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

    More than 180 days have passed since the filing of this charge.

    The EEOC is terminating its processing of this charge.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Veronica D. Hough
Digitally signed by Veronica D. Hough
Date: 2022.03.29 16:03:16 -04'00'

3/29/2022

Enclosures(s)   Thomas Colclough,   *(Date Mailed)*
District Director

cc:   **Charity Boseman**
    **Employee Relations and Compliance Program Manager**
    **CITY OF CHARLOTTE - FIRE DEPT**
    hremployeerelations@charlottenc.gov

    **Charging Party Representative**
    **Bartina L. Edwards, Esq.**
    **The Law Office of Bartina Edwards**
    bedwards@blelaw.com

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*