# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:22-CV-00284-RJC-DSC

| | |
|---|---|
| MEGAN AKSTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF CHARLOTTE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on the "City of Charlotte's Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice [and to Strike]" (Doc. No. 27) and the parties' associated briefs and exhibits, (Doc. Nos. 27-1, 27-2, 27-3, & 28).

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss and Strike be <u>granted in part and denied in part</u> as discussed below.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

At the outset, a discussion of the procedural history will be helpful. Plaintiff is a firefighter employed by the City of Charlotte Fire Department. Her initial Complaint was filed on June 23, 2022. On August 23, 2022, Defendant filed its first Motion to Dismiss. (Doc. No. 7).

On September 6, 2022, Plaintiff filed an Amended Complaint, alleging sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), § 2000e <u>et. seq.</u>, failure to accommodate in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, <u>et. seq.</u>, and alleged violations under 42 U.S.C. § 1983, as well as North Carolina Constitutional and common law claims.

On September 19, 2022, Defendant moved to dismiss the Amended Complaint. (Doc. No. 10).

On January 17, 2023, the Hon. David S. Cayer, the referral Magistrate Judge at that time, recommended that Defendant's Motion be <u>granted</u> as to the Title VII retaliation claim, the ADA failure to accommodate claim, the § 1983 claim, and the State Constitutional claims, and <u>denied</u> as to the Title VII sex discrimination and state law negligent misrepresentation claims. (Doc. No. 13 at 18). Judge Cayer also recommended that concerning the Title VII and ADA claims which require administrative exhaustion, "Plaintiff's claims based upon events in October 2020, December 2020 and January 2021 are time barred and should be dismissed. Plaintiff's claims based upon events arising on or after March 31, 2021, are timely." <u>Id.</u> at 6.

Finally, concerning Plaintiff's ADA failure to accommodate claim, Judge Cayer wrote:

> The Court finds that the Amended Complaint is devoid of facts showing the essential functions of Plaintiff's position as a Firefighter II and whether she could have performed those functions with a reasonable accommodation. In fact, the Amended Complaint neither describes the job duties and essential functions associated with her position as Firefighter II, nor states how the requested accommodation of light duty would have allowed Plaintiff to perform those essential job functions. In sum, Plaintiff fails to allege facts in the Amended Complaint to plausibly show that she could perform the essential functions of her position with a reasonable accommodation. See <u>Stephenson v. Pfizer, Inc.</u>, 641 F. App'x 214, 219 (4th. Cir. 2016) (per curiam) ("A reasonable accommodation ... is one that enables a qualified individual with a disability to perform the essential functions of a position.") (internal quotation marks omitted). For these reasons, the Amended Complaint fails to state a plausible claim for failure to accommodate under the ADA. <u>Scott v. Lori</u>, No. 19-2014, 2020 WL 3833129, at *16 (D. Md. July

> 8, 2020) (dismissing the plaintiff's ADA failure-to-accommodate claim because the complaint failed to make any allegations regarding "plaintiff's job responsibilities" and merely referenced job functions, but never explicitly state what those functions entailed).

(Doc. No. 13 at 11-12).

Neither party objected to the Memorandum and Recommendation.

On February 17, 2023, the Hon. Robert J. Conrad, Jr. <u>adopted</u> the Memorandum and Recommendation, <u>dismissing</u> all but the Title VII sex discrimination and state law negligent misrepresentation claims. (Doc. No. 14 at 2-3).

On March 23, 2023, Plaintiff withdrew her negligent misrepresentation claim without prejudice. (Doc. No. 19).

On June 6, 2023, Plaintiff filed a "Motion for Leave to File Second Amended Complaint," which Defendant opposed. (Doc. Nos. 21, 21-1, 22 and 23). Plaintiff sought leave to add a claim for denial of disability benefits against two proposed Defendants, Unum Group Corporation and Unum Life Insurance Company of America ("proposed Unum Defendants"), and a new ADA claim that allegedly accrued around March 7, 2023.

On June 28, 2023, the undersigned <u>granted in part</u> and <u>denied in part</u> Plaintiff's Motion, allowing the amendment as to the ADA claim only. (Doc. No. 24 at 2). The Court noted that "[t]he present record does not permit the Court to determine the scope of the Plaintiff's most recent administrative charge, and the Court has formed no opinion as to the merits of that claim." <u>Id.</u>

On July 10, 2023, Plaintiff filed the operative Second Amended Complaint (Doc. No. 25), re-alleging the Title VII sex discrimination claim and alleging a new ADA claim. Accepting the allegations of the Second Amended Complaint as true, and relevant to the ADA claim which is at issue here, Plaintiff has been employed as a firefighter by the City of Charlotte since September 20, 2010. (Doc. No. 25 ¶ 14). On September 26, 2016, Plaintiff was involved in an off-duty traffic

accident and suffered long-lasting injuries. (Id. ¶ 16). More specifically, Plaintiff alleges she suffered:

> a physical and mental condition that substantially limits a major life activity where she was not able to return to work. Her routine daily activities, work and normal lifestyle were interrupted. Plaintiff's physical and mental impairment, including but not limited to a brain injury impacted Plaintiff's neurological, musculoskeletal and other body systems that caused Plaintiff extensive limitations on the important, material and substantial duties of a firefighter. Plaintiff was not able to move without limitations, she had difficulties in speech, balance, coordination and mental cognition.

(Id. ¶ 19).

Because of her off-duty injuries, Plaintiff's treating physician restricted her to light duty work. (Id. ¶ 18). Plaintiff remained on a light duty assignment until March 30, 2021, when Defendant revoked her light duty status. (Id. ¶ 47). Defendant was informed by Deputy Chief Jerry Winkles that she could only return to work when she was fully cleared to work on the fire apparatus. (Id. ¶ 49). Plaintiff contends she remains under the following restrictions: "no repetitive bending, no lifting over 20 pounds, no persistent overhead work and no twisting." (Id. ¶ 67). Plaintiff also suffers from light and sound sensitivity, anxiety, fatigue, and loss of concentration, speech, and balance. (Id. ¶ 68).

On December 1, 2022, after she had initiated this action, the City informed Plaintiff that she must undergo a physical exam (National Fire Protection Association ("NFPA") 1582 Annual Physical) by December 31, 2022. (Id. ¶¶ 80, 82). Defendant's policy regarding this exam permits exceptions, which Plaintiff requested, but Defendant denied any exception. (Id. ¶¶ 83-85). "Plaintiff responded timely by December 31, 2022 with regard to the CFD's request of Plaintiff to complete the physical…[but] was unable to attend the NFPA 1582 Annual Physical due to extenuating circumstances caused by her disability, for which she communicated to [Defendant], and as acknowledged by [Defendant]." (Id. ¶¶ 88-89). On January 19, 2023, Defendant issued

Plaintiff a Class B written reprimand for her "inability" to attend the physical by CFD's requested date, stating that no exceptions to the policy applied. (Id. ¶ 91). Defendant's refusal to except her from the physical exam requirements and instead to reprimand her is the basis for Plaintiff's ADA claim. Plaintiff presents her ADA claim as both a failure to accommodate and retaliation. (Id. ¶¶ 113-114).

The Second Amended Complaint establishes that as to her new ADA claim, Plaintiff exhausted her administrative remedies. On March 7, 2023, she filed a new administrative charge with the Equal Employment Opportunity Commission ("EEOC"). (Doc. No. 25 ¶ 117). Although the new charge repeats factual allegations that were raised previously in her earlier charge, it also discusses in detail her allegations concerning the physical exam and subsequent reprimand, characterizing both as "discriminatory and retaliatory." (Doc. No. 27-2 at 1-2). On March 16, 2023, the EEOC issued Plaintiff a Notice of Right to Sue as to the new charge. (Doc. No. 25-2 at 1).

On August 9, 2023, Defendant again moved to dismiss. Although the Motion generally states Defendant seeks dismissal of the Second Amended Complaint in its entirety, the accompanying brief targets only the additional ADA claim. (Doc. No. 27, 27-1).[1] To the extent the claim is allowed to go forward, Defendant seeks to strike certain paragraphs, contending that "striking this language will cure the issue as these facts are not relevant to any claim before the Court, are confusing, and could permit a theory of liability which has already been dismissed." (Doc. No. 27-1 at 11-13). Defendant devotes a significant portion of its brief to refuting Plaintiff's

---

[1] Even assuming arguendo that Defendant's present Motion does target Plaintiff's Title VII sex discrimination claim and that the law-of-the-case doctrine might not apply to motions to dismiss, the undersigned has closely reviewed and finds persuasive the rationale and analysis in the prior decisions as it relates to that claim. (Doc. Nos. 13 & 14); Layani v. Ouazana, No. SAG-20-420, 2022 WL 11949038, at *3-4 (D. Md. Oct. 20, 2022) (while the Fourth Circuit has yet to consider whether the law-of-the-case rule applies to motions to dismiss, district courts in the Fourth Circuit have "applied the doctrine to deny such motions when a court's prior ruling continues to apply with 'equal force' to an amended complaint")(citing Noel v. PACCAR Fin. Corp., 568 F. Supp. 3d 558, 567 (D. Md. 2021)).

alleged attempt to re-state previously dismissed claims, to state an ADA failure to re-assign claim, or a new Title VII gender discrimination claim. (Doc. No. 27-1 at 7-8, 11).

In her Response brief, Plaintiff clarifies that her new claim arises under the ADA from the physical exam and reprimand on theories of failure to accommodate and retaliation. (Doc. No. 28 at 5-6, 7-8).[2] Plaintiff also filed a "Notice to Voluntary [sic] Strike Allegations in Third [sic] Amended Complaint." (Doc. No. 30). Plaintiff consents to striking Paragraphs 58-61, 71, 72, 74 and 75, which contain allegations against the proposed Unum Defendants, who are not parties. (Id.).

## II. DISCUSSION

### A. Standard of Review

**1. Motion to Dismiss for Failure to State a Claim**

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

---

[2] In any event, Plaintiff is unable to revive her claims that have been dismissed and for which she did not receive leave to amend. See Horowitz v. Sherman, No. DKC 19-2459, 2022 WL 1239381 (D. Md. Apr. 27, 2022).

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. Id. at 678-79. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. at 679; see also Anand v. Ocwen Loan Serv., LLC, 754 F.3d 195, 198 (4th Cir. 2014) (recognizing the court does not accept as true legal conclusions couched as a factual allegations). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Although the pleading requirements stated in Rule 8 of the Federal Rules of Civil Procedure mark "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era. . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court assumes their truth and then determines whether they plausibly give rise to an entitlement to relief. Id. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326 (1989). Indeed, where "it is clear that no relief could be granted under any set of facts that could be prove[n] consistent with the allegations . . . a claim must be dismissed." Neitzke, 490 U.S. at 327 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

**2. Motion to Strike**

Federal Rule of Civil Procedure 12(f) provides, in part: "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Grant v. Prince George's Cnty., No. CV TDC-21-2171, 2023 WL 6128132, at *5 (D. Md. Sept. 18, 2023) (quoting Fed. R. Civ. P. 12(f)). "Rule 12(f) motions are generally disfavored because striking a portion of a pleading is a drastic remedy and is often sought by the movant simply as a dilatory tactic." Id. (citing Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001)). A motion to strike typically requires a showing that the denial would prejudice the moving party. GLF Constr. Corp. v. Heartland Concrete, L.L.C., No. 1:22-CV-97-MR-WCM, 2022 WL 5027618, at *1 (W.D.N.C. Oct. 4, 2022) (quoting Miller v. Rutherford Cnty., No. 1:08-cv-441-LHT-DLH, 2008 WL 5392057, at *4 (W.D.N.C. Dec. 19, 2008)).

**B. Motion to Dismiss ADA Accommodation Claim**

To plead a failure to accommodate case under the ADA, a plaintiff must allege "(1) that [s]he had a disability within the statutory meaning; (2) that the employer knew of [her] disability; (3) that a reasonable accommodation would permit [her] to perform the essential functions of the position; and (4) that the employer refused to make the accommodation." Scherck v. Johns Hopkins Univ. Applied Physics Lab'y LLC, No. CV ADC-23-1605, 2023 WL 6311469, at *6 (D. Md. Sept. 28, 2023) (quoting Perdue v. Sanofi-Aventis U.S., LLC, 999 F.3d 954, 959 (4th Cir. 2021)).

As Judge Cayer previously found, Defendant argues persuasively here that Plaintiff "neither describes the job duties and essential functions associated with her position as Firefighter II, nor states how the requested accommodation of light duty [or here, being excepted from the

physical exam] would have allowed Plaintiff to perform those essential job functions." (Doc. No. 13 at 11, Doc. No. 27-1 at 6).

In support of her failure to accommodate claim, other than citing general ADA caselaw, Plaintiff argues only that she "alleges in the Second Amended Complaint that she was a qualified individual with a disability under the ADA, Defendant knew of the disability and that Defendant violated the ADA by treating Plaintiff differently from her peers in terms and conditions of employment and requirements within employment." (Doc. No. 28 at 5-6 (citing Doc. No. 25 ¶¶ 19, 107-112)). Like the First Amended Complaint, the Second Amended Complaint is devoid of any allegation that a reasonable accommodation would permit her to perform the essential functions of the job. Moreover, Plaintiff has had two opportunities to amend on this point, and even had the benefit of the Court's prior analysis on the second amendment.

Having failed to plead that a reasonable accommodation would permit her to perform the essential functions of the position, Plaintiff's failure to accommodate claim fails as well. Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss that claim be granted.

### C. Motion to Dismiss ADA Retaliation Claim

"To state a prima facie case of retaliation a plaintiff must show that: (i) she has engaged in a protected activity; (ii) she suffered an adverse action after engaging in the protected conduct; and (iii) there was a causal link between the protected conduct and the adverse action." Blanchard v. Arlington Cnty., No. 1:21-CV-0649, 2023 WL 2215807, at *15 (E.D. Va. Feb. 24, 2023) (citing Laird v. Fairfax Cnty., 978 F.3d 887, 892 n. 4 (4th Cir. 2020)). "Plaintiff does not need to show that she was actually disabled in order to state a retaliation claim." Id. (citing Rhoads v. FDIC, 257 F.3d 373, 391 (4th Cir. 2001)).

Plaintiff has pled that in December 2022, she requested a reasonable accommodation – to be excepted from an otherwise mandatory physical exam. Accordingly, she has satisfied the first element of her retaliation claim.

Plaintiff also has pled that less than three weeks after the Defendant's December 31, 2022 deadline expired, Defendant issued her a written reprimand for failing to comply. The fact that the reprimand is expressly a response to her refusal to attend the exam, coupled with the short time period, satisfies the third element of causal connection. See Stockton v. Shaw Indus. Grp., Inc., No. 3:14-1904-TLW, 2015 WL 427650, at *5 (D.S.C. Feb. 2, 2015) (citing Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273–74 (2001) (to establish a causal connection based on temporal proximity alone, the time between the employer's knowledge of the protected activity and the adverse employment action must be "very close" and acknowledging cases holding a three to four month period to be insufficient); Pascual v. Lowe's Home Centers, Inc., 193 F. App'x 229, 233 (4th Cir. 2006) (per curiam ) (holding that the plaintiff failed to establish a causal connection by temporal proximity alone when "at least three to four months" separated the claimed protected activities and the termination of the plaintiff's employment)).

Plaintiff has failed, however, to plead the second element – that she suffered an adverse employment action. Adverse actions in the retaliation context are those that are "harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Railway Co. v. White, 548 U.S. 53, 57 (2006). But "[a]n employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." Id. at 68. A "tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly

different responsibilities, or a decision causing a significant change in benefits." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998). "A tangible employment action in most cases inflicts direct economic harm." Id. at 762.

District courts in this circuit applying these principles in an ADA context have found that a reprimand or warning does not amount an adverse employment action. Stockton, 2015 WL 427650, at *5 (although defendant "reprimanded [plaintiff] twice within four months after her return from temporary light duty . . . many courts have recognized that simple reprimands or oral counseling, without more, cannot be considered to be materially adverse actions, as they would not dissuade a reasonable worker from making or supporting a charge of discrimination") (citing Rease v. Zax, Inc., C/A No. 3:07–3601, 2009 WL 2998977, at *7 (D.S.C. Sept.17, 2009) (holding that warning notices and a poor performance review were insufficient to constitute materially adverse actions under the Burlington standard); Washington v. Norton, No. 3:04CV104, 2007 WL 1417290, *4 (N.D. W. Va. May 11, 2007) (stating that reprimanding an employee for unprofessional conduct or warning an employee about poor performance was insufficient to constitute materially adverse actions under the Burlington standard)). See also Bhattacharya v. Murray, No. 3:19-CV-54, 2022 WL 2873176, at *6 (W.D. Va. July 21, 2022) (in First Amendment retaliation context, "[i]f an action carries no concrete consequences in itself, but merely represents 'criticism' or a 'verbal reprimand,' then it is not an adverse action") (citing Suarez Corp. Industries v. McGraw, 202 F.3d 676, 687 (4th Cir. 2000)).

Plaintiff relies solely on the Second Circuit's decision in Millea v. Metro-N. R. Co., 658 F.3d 154, 165 (2d Cir. 2011). (Doc. No. 28 at 8). Concerning written reprimands, that Court stated:

> [W]e think (and conclude that a reasonable jury could decide) that a letter of reprimand would deter a reasonable employee from exercising his FMLA rights. A formal reprimand issued by an employer is not a "petty slight," "minor annoyance," or "trivial" punishment; it can reduce an employee's likelihood of receiving future

bonuses, raises, and promotions, and it may lead the employee to believe (correctly or not) that his job is in jeopardy. A reasonable jury could conclude as much even when, as here, the letter does not directly or immediately result in any loss of wages or benefits, and does not remain in the employment file permanently.

But other than citing Millea, Plaintiff offers no argument on this point or how the reprimand here carried any adverse consequences. (Doc. No. 28).

In light of this, the Court finds that Plaintiff has not pled that the written reprimand carried any punitive or adverse consequences, which accordingly is not an adverse employment action for these purposes. Plaintiff has failed to plead the second element of her ADA retaliation claim. Therefore, the undersigned respectfully recommends that Defendant's Motion be granted as to that claim as well.

### D. Motion to Strike Certain Paragraphs from Second Amended Complaint

Defendant seeks to strike Paragraphs 17, 20-32, 38-46, 54-78, and 111-12 of the Second Amended Compliant, contending that those paragraphs contain factual allegations that "are not relevant to any claim before the Court, are confusing, and could permit a theory of liability which has already been dismissed." (Doc. No. 27-1 at 11-13). As discussed above, Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Grant, 2023 WL 6128132, at *5 (quoting Fed. R. Civ. P. 12(f)). But Rule 12(f) motions are generally disfavored because striking a portion of a pleading is a drastic remedy. Id. (citing Waste Mgmt. Holdings, 252 F.3d at 347). A motion to strike typically requires a showing that the denial would prejudice the moving party. GLF Constr. Corp., 2022 WL 5027618, at *1. Defendant has not argued, much less shown, that it is somehow

prejudiced by the paragraphs at issue and is not entitled to an order generally striking those paragraphs.[3]

Because Plaintiff has consented to striking Paragraphs 58-61, 71, 72, 74 and 75, (Doc. No. 30), which contain allegations against nonparties, the undersigned recommends that the Defendant's Motion to Strike be <u>granted</u> only as to those paragraphs and <u>denied</u> as to the other paragraphs.

### III.   RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "City of Charlotte's Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice [and to Strike]" (Doc. No. 27) be **GRANTED IN PART** and **DENIED IN PART**.

Specifically, the undersigned respectfully recommends that:

1. The Motion be **GRANTED** as to Plaintiff's ADA claim, whether presented as failure to accommodate or retaliation, and those claims be **DISMISSED**;
2. The Motion be granted as to Paragraphs 58-61, 71, 72, 74 and 75 and that those paragraphs be **STRICKEN** from the Second Amended Complaint;
3. The Motion be **DENIED** in all other respects.

### IV.   TIME FOR OBJECTIONS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to <u>de novo</u> review by the District Judge. <u>Diamond v. Colonial</u>

---

[3] Again, Plaintiff acknowledges that she is not attempting to revive past claims that were already dismissed. (Doc. No. 28 at 5-6, 7-8)

Life & Acc. Ins. Co., 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Id.  "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel and to the Honorable Robert J. Conrad Jr.

**SO RECOMMENDED.**

Signed: December 14, 2023

_____
Susan C. Rodriguez
United States Magistrate Judge